CIRCUIT COURT OF THE CITY OF RICHMOND

Michael Anthony Taylor, etc., et al.

v.

Richmond Memorial Hospital et al.

October 12, 1984

Case No. LG-915

By JUDGE WILLARD I. WALKER

This letter is to resolve certain disputes raised before the court at a hearing in this case on August 6, 1984.

Specifically, there were three questions addressed.

1. The defendants Minor and Richmond Memorial Hospital object generally to the requests for admission on the ground that they are oppressive and abusive discovery and tend to annoy, hinder and oppress the defendants.

2. The defendants object to some selected requests for admission on grounds stated in their motions.

3. The defendants object to any requests for admission that address hospital policies, regulations, standards, etc., on the ground that the standard in a

medical malpractice case, either as to the hospital or the physician, is to be governed by testimony of experts and not by any standard which may be imposed by outside agencies or internally.

With respect to the last question, I agree with the defendants. For the reasons set forth in the memoranda of the defendants, I conclude that the requests for admission of the plaintiffs directed at certain sets of standards as referenced on page 5 of the plaintiffs' brief are not proper and should not be the subject of requests for admission. The standards cannot form the basis for medical malpractice liability on the part of either the hospital or the physician.

Having reviewed the requests for admission at some length, I rule that the entire requests for admission are objectionable. In my opinion these requests constitute an abuse of the discovery process that is vexatious and harassing. Requests for admission are designed to reduce issues by narrowing those controverted areas of the case on which there could be controversy into admission form and requiring the defendant to either concede the point or to deny and explain the denial. They are not designed, as they are now being used by the plaintiffs, to take every uncontroverted fact that may have been developed during the course of discovery and convert it into requests for admission. If the plaintiffs wish to propound a set of sensible requests for admission that cover the essential elements of the case, I will review those on a request by request basis to determine if the requests are indeed fair and if any objection to them is well founded under the Rules of Court. Until the plaintiffs have revised their requests, no answers to the requests for admission will be required.